# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-00318-01/02-CR-W-ODS |
| | ) |
| JOSEPH CAMP, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the inherent power of this Court to regulate and control the conduct of proceedings before it, the United States moves the Court for an order: (1) enjoining defendant Camp from submitting any further Freedom of Information Act (FOIA) requests during the pendency of this criminal prosecution; and, (2) confirming that the Federal Rules of Criminal Procedure provide the exclusive means by which defendant Camp may obtain discovery during the pendency of this criminal case. The United States offers the following suggestions in support of its motion.

## SUGGESTIONS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**A.     Procedural History**

On November 18, 2010, defendants Joseph Camp and Daniel Fowler were indicted on six counts related to computer hacking and identity theft (Doc. 1).[1] The Indictment alleges that between on or about March 1, 2009, and continuing thereafter to on or about March 1, 2010, Camp and

---

[1] The specific offenses charged in the indictment include, Conspiracy, in violation of 18 U.S.C. § 371, Computer Intrusion, in violation of 18 U.S.C. § 1030, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, and Interception of Electronic Communications, in violation of 18 U.S.C. § 2511.

Fowler unlawfully hacked into, and without authorization gained access to, the University of Central Missouri computer network.

On June 22, 2011, pursuant to a written plea agreement (Doc. 31), defendant Fowler pled guilty to the crimes of conspiracy and computer intrusion, as charged in Counts One and Two of the Indictment (Doc. 28). Fowler is cooperating with the Government and is currently scheduled for sentencing on May 10, 2012 (Doc. 46).

The case against defendant Camp is set for trial commencing April 23, 2012 (Doc. 45). Camp was originally represented by Assistant Federal Public Defender William Raymond, however, his motion to withdraw from representing Camp (Doc. 39) was granted in September 2011. Camp is now represented by court-appointed counsel John Picerno (Doc. 40).

**B. Relevant Facts**

The discovery procedures for this case are set forth in the Court's Scheduling and Trial Order, which was filed on February 7, 2011 (Doc. 19). The Government has fully complied with this Order, and provided voluntary discovery to both defendants.

Even though the Government has complied with both this Court's Scheduling and Trial Order and the Government's discovery obligations as set forth in Rule 16 of the Federal Rules of Criminal Procedure, defendant Camp has repeatedly attempted to use the Freedom of Information Act (FOIA) to obtain discovery outside of this Court's Order and Rule 16 of the Federal Rules of Criminal Procedure. These efforts appear to have been undertaken by Camp on his own, and without the assistance, or perhaps even knowledge, of his court-appointed counsel.

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS - Page 2

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 2 of 7

To date, Camp has submitted Freedom of Information Act (FOIA) requests directly to the University of Central Missouri,[2] the Federal Bureau of Investigation, the United States Attorney's Office, and even his former attorney at the Federal Public Defender's Office.

On or around May 23, 2011, Camp sent a letter to the University of Central Missouri demanding certain documents, citing FOIA among other statutes as authority. See Exhibit A.

On or around May 28, 2011, Camp sent a letter to the Federal Bureau of Investigation demanding production of documents, citing FOIA as authority. See Exhibit B.

On or around October 11, 2011, Camp sent a similar letter to the United States Attorney's Office demanding production of documents, again citing FOIA as authority. See Exhibit C.

While the Government does not have a copy of it, as part of his basis for withdrawing as counsel for Camp, Mr. Raymond represented to this Court that in September 2011 Camp mailed a letter to the Federal Public Defender demanding production of documents, once again citing FOIA as authority. Mr. Raymond's Motion to Withdraw (Doc. 39) stated that a conflict of interest had developed between Mr. Raymond and Camp. Obviously, Camp's submission of a FOIA request to the Public Defender's Office was at least partly responsible for causing Mr. Raymond to conclude that he should be permitted to withdraw from further representation of Camp.

---

[2] The University of Central Missouri (UCM) is the victim of the computer hacking scheme Camp is alleged to have committed. Camp's direct and personal submission of FOIA requests to the victim of his alleged crimes arguably constitutes harrassment of UCM and may even constitute additional criminal conduct, i.e., a violation of the statutes making it a crime to tamper with or retaliate against victims and witnesses and/or a violation of the statute prohibiting conduct that constitutes obstruction of justice. See 18 U.S.C. §§ 1512, 1513 and the omnibus clause of the obstruction of justice statute at 18 U.S.C. § 1503(a).

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS - Page 3

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 3 of 7

## C. Argument and Authorities

It has long been the rule that a defendant in a pending criminal case cannot use FOIA to obtain discovery related to the pending criminal case. District courts have been quickly reversed when they tried to permit defendants to use FOIA to obtain discovery in a pending criminal case. "Rule 16 of the Federal Rules of Criminal Procedure, not the Freedom of Information Act, is the basic rule that will control discovery" in a criminal case. *United States v. United States District Court, Central District of California*, 717 F.2d 478, 482 (9th Cir. 1983)(granting government's petition for a writ of mandamus and reversing district court's order directing government to comply with FOIA request from defendant in a pending criminal case). The holding in *United States District Court* is instructive: "We hold that in criminal cases the Freedom of Information Act does not extend the scope of discovery permitted under Rule 16. The limitations of Rule 16 are controlling." 717 F.2d at 480.

If a defendant in a pending criminal case is permitted to use FOIA to obtain discovery relating to his pending criminal case, then "as a routine discovery device in criminal cases within this circuit, counsel would request disclosure under the Freedom of Information Act, a substantial displacement of the balance established for criminal discovery by Rule 16." 717 F.2d at 481. "The harm to the Government in allowing FOIA discovery to override Rule 16 would be substantial" because "the prosecution, instead of concentrating on the criminal case, would be compelled to devote its scarce resources to screen and process FOIA material [while] defense counsel would not be under a similar burden." 717 F.2d at 481-482.

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS  -  Page 4

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 4 of 7

The Ninth Circuit is not alone in holding that a defendant in a pending criminal case is not entitled to use FOIA to obtain discovery relating to his pending criminal case. "In a criminal case the discovery proceedings are governed by the Federal Rules of Criminal Procedure." *United States v. Murdock*, 548 F.2d 599, 602 (5th Cir. 1977). By enacting FOIA, Congress did not intend to amend or expand the discovery procedures set forth in Rule 16. *Id.* "We hold that the discovery provisions of the Federal Rules of Criminal Procedure and the FOIA provide two independent schemes for obtaining information through the judicial process. Although information obtained through the FOIA may be useful in a criminal trial, we find that the FOIA was not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided by the Federal Rules of Criminal Procedure." *Id.* FOIA "is fundamentally designed to inform the public about agency action and not to benefit private litigants." *Id.*

The rule that FOIA cannot be used to obtain discovery in a criminal case has even been recognized in civil litigation over the FOIA request itself. "FOIA is not a substitute for discovery in criminal cases or in habeas proceedings. Instead, its purpose is to protect the citizen's right to be informed about what their government is up to." *Roth v. United States Dept. of Justice*, 642 F.3d 1161, 1177 (D.C. Cir. 2011), citing *United States Department of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

"[D]isclosure in criminal trials is based on different legal standards than disclosure under FOIA." *Williams & Connolly v. SEC*, 2011 WL 6118584, *3 (D.C. Cir. 2011). "FOIA is neither a substitute for discovery, nor an appropriate means to vindicate [alleged] discovery abuses." *Id.*

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS - Page 5

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 5 of 7

"[A] FOIA request is not a substitute for the normal process of discovery in civil and criminal cases." *Rugiero v. United States Department of Justice*, 257 F.3d 534, 547 (6th Cir. 2001), citing *Jones v. FBI*, 41 F.3d 238, 250 (6th Cir. 1994), and *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989), and *Irons v. Bell*, 596 F.2d 468, 475 (1st Cir. 1979); see also *Fruehauf Corp. v. Thornton*, 507 F.2d 1253, 1254 (6th Cir. 1974)(rejecting the notion that FOIA was "intended to serve as a substitute for criminal discovery").

In conclusion, no matter whether the issue arises in a pending criminal case or in civil litigation over the FOIA request itself, and no matter whether the issue is considered by the Supreme Court or the Court of Appeals in the Ninth, Fifth, Sixth, First, or D.C. Circuit, the rule and result is the same: the Federal Rules of Criminal Procedure provide the exclusive means by which a criminal defendant obtains discovery in a pending criminal case, and FOIA requests have no place in a pending criminal case.

**D.     Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court (1) confirm that the Federal Rules of Criminal Procedure provide the exclusive means by which defendant Camp may obtain discovery during the pendency of this criminal case, (2) issue a protective order enjoining defendant Camp from submitting any further FOIA requests, and (3) grant such other and further relief in favor of the United States as the Court finds just and proper.

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS  -  Page 6

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 6 of 7

Respectfully submitted this 12th day January 2012.

    Beth Phillip
    United States Attorney

    *s/ Phillip Eugene Porter*

    Phillip Eugene Porter
    Deputy United States Attorney
    Criminal Division Chief

    *s/ Matthew P. Wolesky*

    Matthew P. Wolesky
    Assistant United States Attorney

## DECLARATION

The undersigned declares under penalty of perjury of the laws of the United States that the factual statements in the foregoing pleading are true and correct to the best of his knowledge, information, and belief.

    *s/ Phillip Eugene Porter*
    Phillip Eugene Porter

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 12, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    *s/ Phillip Eugene Porter*
    Phillip Eugene Porter

Government's Motion for Protective Order
United States v. Camp
No. 10-00318-01/02-CR-W-ODS - Page 7

UNITED STATES ATTORNEY
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Telefax: (816) 426-4322

Case 4:10-cr-00318-BCW   Document 62   Filed 01/12/12   Page 7 of 7