UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA
    -Plaintiff

    -v-                                    10-00318-01/02-CR-W-ODS

JOSEPH A. CAMP
    -Defendant

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER.

## PRELIMINARY STATEMENT

Defendant Joseph A. Camp does not deny using the provisions of the Freedom of Information Act in an attempt to obtain material that can be identified as "discovery material". In fact the United States Motion is want of the full extent that I have used the F.O.I.A. Indeed I also used it in obtaining records (or attempting to obtain records) from numerous agencies to include the New York, and Missouri division of Probation and Parole, The Unified Courts of New York, the Tompkins County Probation Department, etc.

I also have attempted to obtain the information that I have requested by informal letters, telephone calls, contact with my attorney and other means. Some successfully, some not.

This Court is aware of my proclamation of innocence, further my unyielding desire to protect and assert all of my rights. I have filed repeatedly, letters and motions - redundant at best -

-1-

asserting these rights I feel have been violated.

I requested in writing (informally) that this Court, that Bill Raymond, and many others provide me the material. As already known to this Court all of my attempts have failed.

I believe that in order for me to get the best possible defense I need to be able to study the material in a manner appropriate to my abilities.

As a protective custody administrative segregation status at CCA Detention I have to be fully restrained to visit my attorney. This includes handcuffs, manicals, "Black-Box" over the cuffs etc. Also, per CCA rules, no inmates are allowed to bring pens or pencils to attorney visits. Thus no way for me to take notes.

Mr. Picerno have come to CCA 4 times as of today, and for about 2 hours each, during these four visits he was in the room with me only about 20 minutes total, as he was simoltaniously preparing someone else for trial. During these four visits he only brought documents numbering 1-600, of many thousands. The remaining are on CD (which he also brought, but with no means of reviewing the disk, ie. a computer).

Additionally, Mr. Picerno has admitted during each of our visit, and during a few telephone conversations (that were by default recorded by CCA), to have not yet started

on my defense. As I am sure the Court is aware, I did not ever ask that Bill Raymond be conflicted, though it is no loss of great talent, however the Court provided me with new counsil and I assume the full amount of responsibilty that that Counsil - Picerno - undertakes.

No one, not the University, the F.B.I., the United States Attorney's office, or any other agency to whom I requested material, sent me or to my knowledge my attorney, a letter stating that they wanted me to stop requesting stuff - or in the case of University of Central Missouri, that they felt "harrassed". In fact, they all responded that they would "look into it", or "forward" the request to the Washington D.C. office, or that my request would be more appropriate if filed else where. The United States Attorney in D.C. - FOIA personell, went so far as to give me a 9 month approximation of when the request would be completed, at which time I was to be told the cost of the material.

What is interesting is that only my request are attached as exhibits, but not the replies from each agency. Since I have the majority of the replies, and the remainder I sent to Mr. Picerno, I will attach what I have. I've even included some of my other requests not known to the Prosecutor.

If my attorney wont allow me to review the material - by not printing it all out - or otherwise making it available - if the CCA wont allow me unrestrained abilities during the visits

-3-

to shift more of the pages without pain,- if the United States Attorney wants to withhold discovery - in violation of the contract that my attorney entered into illeglally - and <u>without</u> my permission, and this Court wants to allow such to continue then yes I will do what I can to get the material, study it, or make a record of my attempts and the failure of them for appeal purposes. Notably I have a reply to this motion yet my assigned attorney John Picerno - without consulting me - told me he will not reply - thus this pro se' reply. The prosecutors are mearly attempting to restrain my attempts to obtain a fair trial, If I am not allowed the discovery material then why should a person even be brought to Court as a defendant heck, why should I even be present at the trial, since it is obviously my attorney and the United States Attorney alone who decides the facts (since I'm mearly a burdain on both why should people even be arrested if that person is not allowed to review the evidence and thereby assist in his or her defence.

Missing also from the Governments motion is any claims of someone feeling harrassed, the "victims" have not provided an Affidavit that says they feel "harrassed" or suffered loss, or that they feel threatened. If that were the case then God help them, as they must fill houndreds or thousands of

-4-

FOIA request a year. That's a lot of "harrassment".

I am within my rights as a citizen - and an innocent person - to request material that is about me. That would allow me to correct it if it is wrong, identify weakness or strengths in my records to be able to build myself up, to be able to have factual knowledge of financial details in order to set up a payment option, use the material to explain to potential employers, the list is endless, and not includes evil or harrassment ends. Even if there were no Federal or State charges I would have used FOIA to attempt to get the records. If this Court grants the motion this Court is taking away my right to free speech, to petition to the Government for redress of my Grievances, the right to be present and participate in my defense.

I am asking that this Court deny the motion by the Government, and also order that I be provided with my own copy of the discovery material, and that the United States Attorney's office be reprimanded for attempting to take away my rights. and anything else this court wants to do.

I swear under penalty of perjury that the information is true and correct herein to the best of my knowledge & abilities.

Feb. 13, 2012

- 5 -
Case 4:10-cr-00318-BCW   Document 68   Filed 02/16/12   Page 5 of 20



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 13, 2011

MR. JOSEPH A. CAMP
**18474-055
CCA LEAVENWORTH DETENTION CENTER
100 HIGHWAY TERRACE
LEAVENWORTH, KS 66048

FOIPA Request No.: 1169336- 000
Subject: CAMP, JOSEPH A.

Dear Mr. Camp:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A) and 5 U.S.C. § 552(b)(7)(B). 5 U.S.C. § 552(b)(7)(A) and (b)(7)(B) exempt from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... (A) could reasonably be expected to interfere with
> enforcement proceedings... (B) would deprive a person of a right to a fair trial or an
> impartial adjudication...

In applying these exemptions, I have determined that the records responsive to your request are law enforcement records; that there is a pending or prospective law enforcement proceeding relevant to these responsive records; and that release of the information contained in these responsive records could reasonably be expected to interfere with the enforcement proceedings. For a further explanation of this exemption, see enclosed Explanation of Exemptions Form.

In addition, you have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Since you have not furnished a Certification of Identity form, proof of death, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, Title U.S.C.§ 552a. These records are also generally exempt from disclosure pursuant to the FOIA, Title 5 U.S.C. § 552 exemptions (b)(6) and (b)(7)(C).

Enclosed is a Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it or prepare a document containing the required descriptive data and have it notarized. The original certification or identity, notarized authorization with the descriptive information and a legible, original signature must be provided to the FBI before an accurate search of our records can be conducted.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosures(3)



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 1, 2011

Mr. Joseph Anthony Camp
\*\*18474055
CCA Leavenworth Detention Center
100 Highway Terrace
Leavenworth, KS 66048

Dear Mr. Camp:

This is in reference to your Freedom of Information Act (FOIA) request concerning miscellaneous documents. The FOIA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data. Rather the FOIA requires agencies to provide access to reasonably described, nonexempt records. The questions posed in the referenced letter are not FOIA requests because they do not comply with the FOIA and its regulations.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
Dissemination Section
Records Management Division



**Tompkins County
Department of Administration**
125 East Court Street, Ithaca, NY 14850
Phone: (607) 274-5551
Fax: (607) 274-5558

Inclusion Through Diversity

**COUNTY ADMINISTRATOR**
Joe Mareane

**DEPUTY COUNTY ADMINISTRATOR**
Paula E. F. Younger

*"Promoting excellence in County operations while respecting the needs of the people we serve."*

7/1/2011

Mr. Joseph A. Camp #18474-055
CCA. Leavenworth Dtn. Ctr.
100 Highway Terrace
Leavenworth, KS 66048

Subject: Freedom of Information Law Request for Information

Dear Mr. Camp #18474-055:

This letter is to inform you that we have received your request and are processing it for fulfillment. Our office does not have the specific information you need, but we are forwarding your request on to the following department(s):

> Family Court
> County Attorney

We appreciate your patience.

Sincerely,

Andrea C. Gibbs
Administration Specialist



**4 TOWER PLACE
ALBANY NY 12203-3764**

TO: Record Review Requestor

FROM: Supervisor, Administration Unit – Identification and Criminal History Bureaus

SUBJECT: Review of Personal Criminal History Record

---

Enclosed is a copy of your criminal history record as maintained by the New York State Division of Criminal Justice Services (DCJS). You will observe that it does not contain any personal identifying information which could be used to link the record to you in the event that it falls out of your possession.

If you wish to challenge the accuracy or completeness of any information contained in your record, please complete the enclosed Record Review and Statement of Challenge Form, and return it to the attention of the Supervisor, Administration Unit at the above address.

Challenges to case disposition information, or its absence, must be supported by the submission to DCJS of a *certified disposition document from the court of adjudication*. The document must be an *original containing the embossed seal of the court* and the *signature of either the presiding judge or court clerk*.

Challenges to arrest charges should be directed to the law enforcement agency that reported the charges to DCJS. We cannot modify arrest charges unless written authorization to do so is received from the reporting agency.

If your record is corrected or completed as a result of a successful challenge, you will receive a corrected copy of your criminal history record from DCJS.

/cp

DCJS-1897 (Revised 2/07)



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
25 BEAVER STREET
NEW YORK, NEW YORK 10004
TEL: (212) 428-2160
FAX: (212) 428-2155

**ANN PFAU**
Chief Administrative Judge

**JOHN W. McCONNELL**
Counsel

October 6, 2011

Mr. Joseph A. Camp
18474-055
CCA Leavenworth Detention
100 Highway Terrace
Leavenworth, Kansas 66048

Dear Mr. Camp:

This is in response to your Freedom of Information Act ("FOIA") inquiries that were forwarded from the Tompkins County Department of Administration regarding your request for court records.

Please be advised that we are not subject to FOIA, the federal counterpart to the Freedom of Information Law ("FOIL").

Although this Office is subject to FOIL, court records are not subject to disclosure under FOIL. Public Officers Law § 86. Rather, access to court records is governed by section 255 of the Judiciary Law, which imposes various fees for record searches and copying charges, in accordance with CPLR Article 80.

Section 255 permits the disclosure of publicly-available records, and under section 166 of the Family Court Act, the records of any proceeding in Family Court are not open for public inspection.

You may wish to submit an application pursuant to section 166 to the Family Court in which the matter may have been handled, setting forth in detail what specific records you are seeking and the basis for your request, and you will be advised whether your application and the requisite proof to establish your identity can be processed via mail.

Very truly yours,

Shawn Kerby
Assistant Deputy Counsel

cc: Marcia DiRose
Cheryl Lidell-Obenauer



Office of the President
Administration 202
Warrensburg, MO 64093
Office 660-543-4112
FAX 660-543-8020

July 14, 2011

Joseph A. Camp (#18474-055)
CCA Leavenworth Detention Center
100 Highway Terrace
Leavenworth, Kansas 66048

Dear Mr. Camp:

I am writing in response to your recent request for documents under the Freedom of Information Act (FOIA) and under Missouri Revised Statutes Sections 190.180-190.190. In that regard, the University as a State Public Institution is not subject to the FOIA and your referenced Missouri statutes are subject to the State's open meetings and records law. The documents you are seeking may be produced to you through the judicial discovery process in coordination with the U.S. Attorney's office, in connection with the pending indictment against you in the United States District Court for the Western District of Missouri; otherwise they are records relating to a legal action involving the University and are closed.

Sincerely,

Monica R. Huffman
Custodian of Records



Office of the President
Administration 202
Warrensburg, MO 64093
Office 660-543-4112
FAX 660-543-8020

July 8, 2011

Joseph A. Camp (#18474-055)
CCA Leavenworth Detention Center
100 Highway Terrace
Leavenworth, Kansas 66048

Dear Joseph:

This acknowledges receipt of your letter dated June 30, 2011, appealing a request for records that you originally made in a letter received on May 23, 2011. Your request of June 30 is being processed and a response will be made once I am able to obtain the necessary information to do so.

Sincerely,

Monica R. Huffman
Custodian of Records



Office of the President
Administration 202
Warrensburg, MO 64093
Office 660-543-4112
FAX 660-543-8020

May 26, 2011

Joseph A. Camp (#18474-055)
CCA Leavenworth Detention Center
100 Highway Terrace
Leavenworth, Kansas 66048

Dear Joseph:

In response to your request for records, dated May 23, 2011, due to the pending indictment and related litigation, we have forwarded your request to the U.S. Attorney's office for consideration. Once we receive a response from them, we will get back to you regarding your request.

Sincerely,

Monica R. Huffman
Custodian of Records

Joseph Camp
#18474-055
C.C.A. Leavenworth Dt. Cu
100 Highway Terrace
Leavenworth, KS 66048

Division of Criminal Justic Services
Records Review Unit
4 Tower Place
Albany, NY 12203

5, 28, 2011

Dear,

Please send me a copy of my criminal rap sheet.
Joseph A. Camp
# 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
DOB 05-28-84
I am currently in federal custody in Kansas.
Thank You;

Sworn to before me this
28 day of May, 2011

Brenda Miller
NOTARY PUBLIC
Kansas, Leavenworth.

[Notary Seal: BRENDA L. MILLER, NOTARY PUBLIC, My Appt. Exp Nov 23rd 2013, STATE OF KANSAS]

Joseph A. Camp
#18474-055

Joseph A. Camp. 18474-055
CCA Leavenworth Detention
100 Highway Terrace
Leavenworth, Kansas 66048

Missouri Division of Probation & Parole
3400 Knipp Drive
Jefferson City, Missouri 65109

Sept. 20, 2011

Dear,

This is an appeal under the Freedom of Information Act (FOIA), 5 U.S.C. §552. On May 28, 2011, I made a request for documents/records, relating to my time spent on supervision. To date your agency has not responded to my request. Copy of my 5/28/2011, request is attached.

Please be informed that I consider the requested material clearly releasable under FOIA, and your agency's policy to refuse to reply, and thereby denying the request, arbitrary and capricious.

I expect that on reconsideration, you will reverse the decision to deny the request. However, if you do deny this appeal I intend to file a lawsuit to compel disclosure.

Sincerely;

JOSEPH A. CAMP

Enclosed. as stated
cc. self.

Joseph A. Camp #18474-055
CCA Leavenworth Dt. Cnt.
100 Highway Terrace
Leavenworth, KS 66048

To: Missouri Division of Probation & Parole
3400 Knipp Drive
Jefferson City, MO 65109

Dear;   F.O.I.A. / P.A.                                   5, 28, 2011

I was on Probation/Parole in Jackson and Johnson Counties.
I am requesting the officer's notes pertaining to my supervision, as well as any additional material kept on record - in any format - under F.O.I.A and P.A..

In the Public Intrest I request a waiver of the fee's associated with this request.

Joseph A. Camp. # 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, 05/28/1984.

I declare under penalty of perjury the foregoing is true.

Kansas,
Leavenworth
Signed on 5-28-11

Brenda L Miller
NOTARY PUBLIC.

RESPECTFULLY SUBMITTED

Joseph A. Camp #18474-055

Joseph Camp #18474-055
CCA Leavenworth Dt. Cnt.
100 Highway Terrace
Leavenworth, KS 66048

F.O.I.A/P.A mail refferal unit
U.S. Department of Justice, # 114 LOC
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

5, 28, 2011

F.O.I.A/P.A. request.

DEAR;

I am requesting any and all information pertaining to me. My name is Joseph A. Camp, dob 05-28-1984, SS# 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, maintained by the United State Justice Department, United States Attorneys Office, Federal Bureau of Investigation, United States Marshals, United State Public Defenders Offices —Western NY & Western MO—, United States Health and Human Services. To include forensic reports, warrants, affidavits, interogation reports, witness testimonies (now confidential), —including Colleen Studert, Daniel Fowler, Kimberly Hinkle, Corey Bowman, Matt Vesser, Eugene Stillman, Thomas Stone. As well as any promises to these individuals and any document or record —in any format— that mentions my name.

Please advise me of any justified deletions, and provide the unredacted portion. This information is not for commercial purposes. Therefore I request a waiver of the fees in the intrests of fair justice.

I declare under penalty of perjury the foregoing is true.

Brenda L Miller
Kansas, Leavenworth
Signed on 5-28-11

[Notary seal: BRENDA L. MILLER, NOTARY PUBLIC, My App. Exp Nov 23rd 2013]

Joseph Camp #18474-055

Joseph A. Camp #18474-055
CCA Leavenworth Detention
100 Highway Terrace
Leavenworth, Kansas 66048

F.O.I.A./P.A. Mail refferal Unit
U.S. Department of Justice #1146oc
950 Pennsylvania, Ave. N.W.
Washington, D.C. 20530-0001

Sept. 20, 2011

Dear,

Enclosed, please find the completed certification of identification provided to fullfill my Freedom of Information Request.

I look forward to receiving my requested materials.

Please, also note that simoltaniously I am requesting an appeal of the denied portions of my request. I consider the material clearly releaseable under FOIA, and your decision to deny the material Arbitrary and Capricious.

I expect that on reconsideration, you will reverse the decision to deny the material. However, if you do deny this appeal I intend to file a lawsuit to compel disclosure.

Thank you and Sincerely,

JOSEPH A. CAMP

enclosed. as stated
         Previous correspondences
cc.      self.