IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-00318-01-CR-W-BCW |
| | ) |
| JOSEPH CAMP, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Section VII(A) of the Scheduling and Trial Order entered in this case on February 7, 2011 (Doc. No. 19), and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the inherent power of this Court to regulate and control the conduct of proceedings before it, the United States moves the Court for an order enjoining defendant Camp from submitting any further *pro se* Freedom of Information Act (FOIA) requests to the United States Attorney's Office during the pendency of this criminal prosecution. Camp continues to submit *pro se* requests after the Court has repeatedly told him that his *pro se* requests will not be granted. Since denial of the *pro se* requests has not stopped Camp from filing them, it is time for the Court to directly and explicitly order Camp not to submit any future FOIA requests to the United States Attorney's Office. The United States offers the following suggestions in support of the relief it seeks.

## SUGGESTIONS IN SUPPORT

Section VII(A) of the Scheduling and Trial Order prohibits the filing of *pro se* pleadings by defendants, like Camp, who are represented by counsel. Camp is aware of this rule in that this Court has repeatedly issued orders denying *pro se* motions filed by Camp, citing this very

section of the Scheduling and Trial Order as the basis for denying Camp's *pro se* motions. *See* Doc. Nos. 48, 53, 55, 65, 72, and 85.

Despite being repeatedly told that his *pro se* motions are improper, Camp continues to file them, causing the Government and the Court to waste valuable time responding to them. Since the Court's denial of the *pro se* motions has not caused Camp to stop filing them, it is time to try a different response to Camp's *pro se* motions. With respect, the Government believes it is time for entry of a court order directly and explicitly telling Camp that he cannot submit *pro se* pleadings nor submit *pro se* document requests to the United States Attorney's Office.

The impetus for filing this motion is Camp's current *pro se* FOIA request (attached as Exhibit 1) which is directed to the United States Attorney's Office. The Government previously sought a protective order prohibiting the defendant from filing any future FOIA requests (Doc. No. 62), which motion the Court denied on the grounds that the relief sought was overly broad. (Doc. No. 70). The Government is not now seeking what the Court earlier characterized as "overly broad" relief, i.e., an order that bars Camp from filing any future FOIA requests. The Government does seek, however, an order that bars Camp from filing any future FOIA requests directed to the United States Attorney's Office. In summary, the repeated denial of Camp's *pro se* motions has not had the desired effect of causing him to stop filing them. It is time for entry of a court order explicitly telling Camp to stop submitting *pro se* pleadings and document requests directly to the Government.

As stated in Doc. No. 62, Camp cannot obtain discovery from the United States Attorney's Office pursuant to FOIA. "Rule 16 of the Federal Rules of Criminal Procedure, not the Freedom of Information Act, is the basic rule that will control discovery" in a criminal case. *United States v. United States District Court, Central District of California*, 717 F.2d 478, 482

(9th Cir. 1983)(granting government's petition for a writ of mandamus and reversing district court's order directing government to comply with FOIA request from defendant in a pending criminal case). The holding in *United States District Court* is instructive: "We hold that in criminal cases the Freedom of Information Act does not extend the scope of discovery permitted under Rule 16. The limitations of Rule 16 are controlling." 717 F.2d at 480.

Finally, Camp's counsel has not suggested that the Government has failed to produce required discovery. Instead, the Government has fully complied with its discovery obligations, and has worked with Camp's counsel to ensure that discovery has been, and will be, produced.

Wherefore, the United States respectfully requests that the Court enter an order: (1) commanding this represented defendant to stop submitting *pro se* pleadings and document requests or risk being held in contempt of court for continuing to do so; (2) directing Camp not to submit any future FOIA requests to the United States Attorney's Office; and, (3) grant such other and further relief in favor of the United States as the Court deems just and proper.

Respectfully submitted this 12th day of July 2012.

David M. Ketchmark
Acting United States Attorney

*/s/ Phillip Eugene Porter*

Phillip Eugene Porter
Deputy United States Attorney
Criminal Division Chief

*/s/ Matthew P. Wolesky*

Matthew P. Wolesky
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 12, 2012, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

 /s/ *Phillip Eugene Porter*
Phillip Eugene Porter
Deputy United States Attorney