# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# (WESTERN DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>-plaintiff )<br>)<br>v. )<br>)<br>JOSEPH A. CAMP )<br>-defendant ) <br>_____ ) | DEFENDANT'S *PRO SE*<br>SENTENCING MEMORANDUM<br><br><br><br>10-cr-00318-BCW |

## DEFENDANT'S *PEO SE* SENTENCING MEMORANDUM

I. **INTRODUCTION**

**COMES NOW,** the Defendant, Joseph A. Camp, *pro se*, to submit this sentencing memorandum.

    1.) Pursuant to a plea-agreement, entered into under Fed.R.Crim.P. 11(c)(1)(C), the Defendant *must* be sentenced to: 36 months of imprisonment, together with one (1) year of supervised release, no fine, and a restitution order of $61,500 (see plea agreement). This agreement was entered into by all parties on April 12, 2013, and accepted by the Honorable District Court Judge, B. C. Wimes.

    2.) The Defendant would point out that this agreement settles the issue as to whom is the more culpable Defendant. That is to say that the Defendant entered into an agreement with the Government to Count One (general conspiracy), with all other charges being dismissed. The co-defendant in this matter entered into an plea pursuant to 11(c)(1)(B), and subsequently plead guilty to counts one (general conspiracy) and two (intentional damage to a computer) of the indictment, and should be sentenced accordingly. His

Case 4:10-cr-00318-BCW   Document 216   Filed 04/25/13   Page 1 of 3

maximum exposure under the guidelines is 15 years.

3.) The Defendant would point out that he has been incarcerated for the entire duration of the litigation in this matter thus far. The obviously more culpable co-defendant in this matter was released immediately in anticipation of his cooperation.

4.) The Defendant will not litigate 18 USCS § 3553 because none of these would be applicable to the sentencing of the Defendant in this matter.

5.) Since none of the sentencing guidelines apply to the Defendant, there is no reason for either party, the United States or the Defendant to litigate any further in this matter.

## II. **HISTORY**

6.) On December 23rd 2009, the Defendant was arrested in the state of New York. Shortly after his arrest the Federal Magistrate Judge M. Payson held a hearing and made sure that the Defendant was brought into Federal Custody immediately. Thus the Federal time started running concurrent with the violation time, immediately.

7.) Shortly after the Defendant's arrest, the New York State Division of Parole, held two revocation hearings, that concluded in exchange for not contesting further the violation of supervision, the Defendant would obtain concurrent calculation with regards to the violation time served of his Parole supervision and Federal Charges.

8.) Thus, both the Federal Court in the Western District of New York and the New York State Division of Parole has ordered the 6 months from December 23, 2009 until June 15, 2010 to run concurrently.

9.) From June 15, 2010 until present the Defendant was in the sole custody of the United States Marshal Services.

10.) On November 18, 2010, the Defendant was indicted with his co-defendant, and

shortly thereafter a writ was issued for his transfer from the WDNY to the Western District of Missouri.

11.) On December 15, 2010, the Defendant started his transfer from WDNY to WDMO.

12.) On January 6, 2011, the Defendant arrived in the custody of the WDMO U.S. Marshal's services.

13.) On April 12, 2013, the Defendant accepted the above mentioned plea.

### III. **CONCLUSION**

14.) Thus, the Defendant is currently in excess of the 36 months of incarceration.

15.) Thus, because this is an 11(c)(1)(C), there is no room in the sentencing discussions to any upward or downward departures or variances.

16.) For these reason, the nature of the plea and the fact that the Defendant is past time served, the Defendant seeks expeditious proceedings.

### IV. **PRAYER FOR RELIEF**

**WHEREFORE**, the Defendant wishes to hurry these proceedings along because of the nature of the plea-agreement and time served by the Defendant require the expeditious handling of this matter to prevent further miscarriage of justice in this matter.

Respectfully submitted,

_____, dated this 20th day of April, 2013.
Joseph A. Camp, R18474.055

cc. Self

*"It is useless to attempt to reason a man out of what he was never reasoned into."*
-J. Swift