# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-00318-01-CR-W-BW |
| ) | |
| JOSEPH ANTHONY CAMP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-00207-01-CR-W-BW |
| ) | |
| JOSEPH ANTHONY CAMP, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.  INTRODUCTION

Sentencing in Case No. 10-318 is set for Tuesday, June 19, 2013, at 11:30 a.m., before United States District Court Judge Brian Wimes. The parties also will ask the Court, at the same date and time, to accept the defendant's guilty plea in Case No. 13-207. Since these two cases are directly related to each other, the parties also will ask the Court to immediately proceed to sentencing in Case No. 13-207, using the presentence report already prepared in Case No. 10-318, thereby resolving all matters currently pending against the defendant in this district.

By virtue of the Rule 11(c)(1)(C) plea agreement previously accepted by the Court in Case No. 10-318, the Court is required to impose a non-guideline sentence of 36 months

imprisonment in Case No. 10-318 and, upon acceptance of the Rule 11(c)(1)(C) plea agreement in Case No. 13-207, the Court is required to impose a guideline sentence of between 15-21 months imprisonment in Case No. 13-207, to run concurrent with the prison sentence imposed in Case No. 10-318.  Pursuant to the terms of the plea agreement in Case No. 10-318, the Court is required to impose an order of restitution in the amount of $61,500.00, which is less than the recommended restitution amount of $68,153.50 contained in the presentence report.  Further, the Court is required to impose a one-year term of supervised release in both cases.  The Court is free to determine the supervised release conditions to be observed by the defendant, and the Government asks the Court to impose all the recommended conditions set forth in the presentence report as well as an additional condition that the defendant not contact any representative of the University of Central Missouri and not enter onto any University of Central Missouri premise during the term of his supervised release.  Finally, pursuant to 18 U.S.C. § 3573, the Government asks the Court in each case to remit in full the payment of the $100.00 mandatory special assessment that must be imposed in each case.

## II.    SENTENCING RECOMMENDATIONS

A.    **Unresolved Guideline Disputes**

1.    **Case No. 10-318**

There is one unresolved guideline dispute.  The dispute raises a purely legal question which can be resolved without an evidentiary hearing.

The PSR in Case No. 10-318 recommends denial of a three-level reduction for acceptance of responsibility, with a resulting advisory guideline sentencing range of 77 to 96 months.  The Government, by virtue of its obligations under its plea agreement with the defendant in Case No. 10-318, recommends that the court grant the defendant a three-level

reduction for acceptance of responsibility, with a resulting advisory guideline sentencing range of 57 to 71 months.

To a certain extent, resolution of this guideline sentencing issue is irrelevant in light of the Court's acceptance of the Rule 11(c)(1)(C) plea agreement in Case No. 10-318 which requires imposition of a sentence of 36 months. The Government simply asks the Court to recognize that one impact of the Court accepting the plea agreement is that the defendant receives the benefit of a non-guideline sentence.

### 2. Case No. 13-207

The Rule 11(c)(1)(C) plea agreement in this case contains guideline calculations that have been agreed to by the parties, which appear in ¶¶ 5 through 13 of the agreement. The parties ask the Court to adopt these agreed guideline calculations, which result in an advisory guideline sentencing range of 15-21 months imprisonment.

## B.  Plea Agreement Impact and Credit for Time Served

Case No. 13-207 began in the Western District of New York when the defendant was arrested in that district on December 23, 2009. He remained in custody pursuant to the WDNY charge until he had his first appearance in the Western District of Missouri on January 10, 2011. As a result, while he was in custody in the WDNY, he earned roughly 1 year and 2 weeks of credit for time served toward any sentence that might be imposed based on the WDNY charge.

Case No. 10-318 began in the Western District of Missouri. The defendant first appeared on the WDMO charge on January 10, 2011, and has remained in custody continuously on the WDMO charge since that date. As a result, by the time he is sentenced on June 19, 2013, he will have earned roughly 2 years and 5 months of credit for time served toward any sentence that is imposed pursuant to the WDMO charge.

The defendant may believe, and indeed may argue at sentencing, that because of the credit he has earned for time served, this court should immediately release him after imposing sentence. However, a sentencing court does not have the authority to award a defendant with credit for time served. Only the Attorney General, through the Bureau of Prisons, has the authority to award a defendant with credit for time served. *United States v. Wilson*, 503 U.S. 329, 333-36 (1992) (construing 18 U.S.C. § 3582(b), the statute that governs how credit for time served is awarded). The district court, when imposing a prison sentence, must commit the defendant to the custody of the Bureau of Prisons, and the Bureau of Prisons will then decide the amount of credit for time served that has been earned by the defendant, as well as whether the defendant is eligible to be released from custody and commence his term of supervised release.

Moreover, it is the Government's belief that the roughly 1 year and 2 weeks the defendant spent in custody in the WDNY cannot be credited as time served toward the sentence to be imposed in Case No. 10-318, because the charge in Case No. 10-318 did not even exist until nearly 11 months after the defendant had been first detained on the charge filed in the WDNY. Admittedly the defendant can claim that he is entitled for time served credit in Case No. 13-207 for the roughly 1 year and 2 weeks he spent in custody in the WDNY on that charge, but since the charge in Case No. 10-318 did not even exist until November 18, 2010, the defendant cannot possibly claim that credit he earned for time served on the WDNY charge also should be applied toward the sentence imposed for the WDMO charge in Case No. 10-318 that did not even exist for the vast majority of time he was detained in the WDNY.

Once a sentencing court commits a defendant to the custody of the Bureau of Prisons, the Bureau of Prisons – not the sentencing court – decides when and how the defendant will be released from custody. The bottom line is that a sentencing court has no authority to determine

how much credit for time served to award a defendant. That function is exclusively reserved to the Bureau of Prisons. The Government respectfully asks this Court to sentence the defendant in accordance with the terms of the Rule 11(c)(1)(C) plea agreements that have been accepted by this Court, i.e., sentence the defendant to 36 months in Case No. 10-318, and sentence the defendant to 21 months in Case No. 13-207, to run concurrent to the sentence in Case No. 10-318, and then let the Bureau of Prisons perform the statutory role assigned to it in determining how to calculate and award credit for time served.

### C. Sentencing Considerations under 18 U.S.C. § 3553(a)

#### 1. The History and Characteristics of the Defendant

The court is required to consider the defendant's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1). There is much that could be said here, however, from the Government's perspective, the easiest way to capture the essence of the defendant is to simply quote from the presentence report, which describes him as "anti-social, impulsive, angry, defiant, and narcissistic." PSR at ¶ 74.

#### 2. The Nature and Circumstances of the Offense

The Court is required to consider the nature and circumstances of the offenses of conviction, 18 U.S.C. § 3553(a)(1), as well as the fact that the advisory guidelines call for a sentence of imprisonment, 18 U.S.C. §§ 3553(a)(3) and (a)(4). The Court also is required to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

This is undeniably a serious offense; the defendant caused substantial financial loss to the University of Central Missouri (PSR at ¶ 42), and impacted more than 250 victims (PSR at ¶ 43).

5

Moreover, he engaged in both harassing and obstructive conduct (PSR at ¶ 36). By any reasonable measure, the defendant's offense conduct is both serious and harmful.

### 3. The Need to Protect the Public From Future Crimes by the Defendant

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)(C). The defendant's criminal record, and the fact that he was classified in criminal history category IV, clearly suggests that the only time the public is adequately protected from future crimes by the defendant is when he is incarcerated.

### 4. The Need to Afford Adequate Deterrence to Criminal Conduct

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). A prison sentence demonstrates to this defendant and others that computer hacking will not be tolerated. Crimes such as these should be met with prison sentences in order to deter others from committing them.

### 5. Balancing of All § 3553(a) Factors - Recommended Sentence

On balance, after weighing the relevant § 3553(a) factors, the Government believes that a prison sentence of 36 months in Case No. 10-318, and a concurrent prison sentence of 21 months in Case No. 13-207, is a reasonable sentence that is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

## D. Recommended Sentence for Monetary Penalties

### 1. Restitution

Pursuant to the terms of the plea agreement in Case No. 10-318, the Court is required to impose an order of restitution in the amount of $61,500.00. The Government recognizes that this is less than the recommended restitution amount of $68,153.50 contained in the presentence

6

report (PSR at ¶ 35).  However, due to the binding nature of the Rule 11(c)(1)(C) plea agreement, the Government asks the Court to follow the plea agreement rather than the presentence report.

**2.    Fine**

Pursuant to the terms of the plea agreements in both cases, the Court should not impose a fine.

**3.    Special Assessment**

The defendant is indigent and not likely to be productively employed in the foreseeable future.  (PSR at ¶ 86 which states that the defendant has no money and owns no property, and PSR at ¶ 85 which states that the defendant's past employment history could not be verified due to the fact that he could not supply the names of any specific employers).  Therefore, in the terms used in 18 U.S.C. § 3573, "reasonable efforts to collect a special assessment are not likely to be effective."  Therefore, and again in the terms used in 18 U.S.C. § 3573, the Government petitions the Court "in the interest of justice" to enter an order remitting payment of the $100.00 mandatory special assessment imposed in each case.  This request is born of the common sense conclusions that there is little value gained by imposition of a nominal monetary sanction that, for all practical purposes, is uncollectible, and that any income generated by the defendant is better directed toward payment of his restitution obligation than toward payment of a special assessment.

**E.    Supervised Release**

The Court is required by the Rule 11(c)(1)(C) plea agreements to impose a one-year term of supervised release in both cases.  The Court is free to determine the supervised release conditions to be observed by the defendant, and the Government asks the Court to impose all the

7

recommended conditions set forth in the presentence report (PSR at ¶96) as well as an additional condition that the defendant not contact any representative of the University of Central Missouri and not enter onto any University of Central Missouri premise during the term of his supervised release.

**F.     Motion to Dismiss**

Pursuant to the terms of the plea agreement, the United States moves to dismiss Counts 2 through 7 of the indictment in Case No. 10-317.

### III.     CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose sentence in accordance with the recommendations made herein.

Respectfully submitted this 14th day of June 2013.

> Tammy Dickinson
> United States Attorney
>
> *s/ Phillip Eugene Porter*
>
> Phillip Eugene Porter
> Deputy United States Attorney
> Criminal Division Chief
>
> *s/ Matthew P. Wolesky*
>
> Matthew P. Wolesky
> Assistant United States Attorney

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 14, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> *s/ Phillip Eugene Porter*
> Phillip Eugene Porter