IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CR-00318-1-BCW |
| | ) | |
| JOSEPH A. CAMP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's letter construed as a request for documents (Doc. #233), Motion for Modification of Supervision Assignment of Counsel (Doc. #236), and a second Motion for Modification of Supervision Assignment of Counsel (Doc. #237). The Court being duly advised of the premises, and for good cause shown, denies said Motions.

Defendant pleaded guilty to one count of conspiracy to commit fraud involving computers, in violation of 18 U.S.C. § 371 and § 1030. On June 16, 2013, the Court entered its final judgment, sentencing Defendant to 36 months in the custody of the United States Bureau of Prisons, followed by one year of supervised release. (Doc. #239). On May 2, 2014, the Court transferred jurisdiction of the Defendant-probationer to the Western District of New York, which accepted jurisdiction on May 5, 2014. (Doc. #252).

Title 18 U.S.C. §3605 states permits a court, after imposing sentence, to transfer jurisdiction of a person on supervised release to any other district court. "A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee . . . ." 18 U.S.C. § 3605 (2014). This statute expands a transferee court's power over a probationer. United States v. Clark, 405 F. App'x 89, 91 (8th Cir. 2010). "By

1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CR-00318-1-BCW |
| | ) | |
| JOSEPH A. CAMP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's letter construed as a request for documents (Doc. #233), Motion for Modification of Supervision Assignment of Counsel (Doc. #236), and a second Motion for Modification of Supervision Assignment of Counsel (Doc. #237). The Court being duly advised of the premises, and for good cause shown, denies said Motions.

Defendant pleaded guilty to one count of conspiracy to commit fraud involving computers, in violation of 18 U.S.C. § 371 and § 1030. On June 16, 2013, the Court entered its final judgment, sentencing Defendant to 36 months in the custody of the United States Bureau of Prisons, followed by one year of supervised release. (Doc. #239). On May 2, 2014, the Court transferred jurisdiction of the Defendant-probationer to the Western District of New York, which accepted jurisdiction on May 5, 2014. (Doc. #252).

Title 18 U.S.C. §3605 states permits a court, after imposing sentence, to transfer jurisdiction of a person on supervised release to any other district court. "A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee . . . ." 18 U.S.C. § 3605 (2014). This statute expands a transferee court's power over a probationer. United States v. Clark, 405 F. App'x 89, 91 (8th Cir. 2010). "By

enacting § 3605, "Congress clearly intended to expand, not limit, the ability of the transferor court to transfer jurisdiction *and of the transferee court to take full jurisdiction from the transferor court*." Id. (emphasis in original). Consequently, although Defendant filed the instant motions before the transfer, the Court now lacks jurisdiction to take action in this case.

  IT IS SO ORDERED.


DATED: September 12, 2014

              /s/ Brian C. Wimes
              JUDGE BRIAN C. WIMES
              UNITED STATES DISTRICT COURT